# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ROBERT HENDERSON,**

**Plaintiff,**

**v.**

**TWINS BUICK GMC,** *et al.,*

**Defendants.**

**Civil Action 2:21-cv-2800**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Application to Proceed *in forma pauperis*. (ECF No. 1.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id*. at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the

fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec.*, 2014WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)).

Here, the Court is unable to conclude that Plaintiff is unable to pay the filing fee because he has failed to complete Sections IV through VI of the Affidavit. (*See* ECF No. 1 at PAGEID ## 2-3.) These Sections require Plaintiff to identify certain sources of income, as well as what cash and other valuable assets he might have. The undersigned notes that although Plaintiff represents that he makes monthly mortgage and car insurance payments, he does not identify any vehicles or real estate holdings as assets. (*See id*. at PAGEID # 4.) In addition, Plaintiff represents that he spends $190 per month on his cable television and $80 per month on his cell phone, which reflects that he has significant discretionary monthly income. *See Jackson v. United States Dep't of Army*, No. 14-4034, 2014 WL 2761142 at *1 (D. Kan. June 18, 2014) (discretionary expenses including "payments for cable" demonstrated that the plaintiff's financial status did not warrant a waiver of the filing fee). Moreover, based upon a more complete affidavit[1] Plaintiff recently submitted in another case, *Henderson v. Pappas Trucking LLC*, Case No. 2:21-cv-2088 ("The 2088 Case"), on May 19, 2021, the Court held, over Plaintiff's Objection, that he did *not* qualify for *in forma pauperis* status and ordered him to pay the $402

---

[1]Plaintiff improperly neglected to identify his condo as an asset on that affidavit. *See Cognetto*, 2014 WL 358465, at *1 (noting that for purposes of evaluating an application to proceed *in forma pauperis* under § 1915(a), assets to be considered "include equity in real estate and automobiles"); *Levet v. Comm'r of Soc. Sec.*, No. 2014 WL 3508893, at *2 (S.D. Ohio July 14, 2014) (same).

filing fee if he wished to proceed with that case. (The 2088 Case, May 19, 2021 Op. & Order, ECF No. 5.) In The 2088 Case, this Court observed that the financial statement Plaintiff submitted—which notably, did not identify any real estate holdings—"showed that Plaintiff earned almost twice the poverty level of a single person [and] had $400 cash available . . . ." (*Id.* at PAGEID # 20.)

In summary, because Plaintiff has failed to demonstrate that he is unable to pay the $402 filing fee because of his poverty, it is **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED** and that he be ordered to pay the required $402 filing fee within **FOURTEEN (14) DAYS** if he intends to proceed.


## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE